**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Toniann Kenner,            ) | No. CV 12-0800-PHX-JAT |
|                            ) | |
| Plaintiff,       ) | **ORDER** |
|                            ) | |
| vs.                        ) | |
|                            ) | |
| Michael Astrue, Commissioner, Social ) | |
| Security Administration,   ) | |
|                            ) | |
| Defendant.      ) | |
|                            ) | |

Pending before the Court is Plaintiff's appeal from the Administrative Law Judge's ("ALJ") denial of Plaintiff's Title II application for disability insurance benefits.

**I.      PROCEDURAL BACKGROUND**

Plaintiff Toniann Kenner filed a Title II application for Disability Insurance Benefits on October 2, 2008, alleging that her disability began on February 22, 2002. (Record Transcript ("TR") 116).[1] Plaintiff was 38 years old at the time of filing her application, and listed her illnesses, injuries, and conditions as back, shoulder, neck, and knee pain. (TR 134). Plaintiff's application was denied initially and upon reconsideration. (TR 70, 75). On May 8, 2009, Plaintiff filed a request for a hearing, and, on December 11, 2009, Plaintiff appeared at a video hearing before an ALJ. (TR 80; TR 45). On December 22, 2009, the ALJ issued

---

[1] Although both parties indicate that Plaintiff's application was filed in September 2008, the application itself is dated October 2, 2008. (TR 116).

1 an unfavorable decision. (TR 24). On July 25, 2011, the Appeals Council denied Plaintiff's
2 January 11, 2010 request for review. (TR 14; TR 22).

3 On April 17, 2012, Plaintiff filed her Complaint for Judicial Review of the ALJ's
4 decision. (Doc. 1). Plaintiff argues that the Court should vacate the Administrative Law
5 Decision because: (1) the ALJ erred by rejecting the opinions of treating physicians; and (2)
6 the ALJ erred by rejecting Plaintiff's symptom testimony in the absence of clear and
7 convincing reasons for so doing. (Doc. 12).

## II. LEGAL STANDARD

The Commissioner's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation omitted). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In determining whether there is substantial evidence to support a decision, this Court considers the record as a whole, weighing both the evidence that supports the administrative law judge's conclusions and the evidence that detracts from the administrative law judge's conclusions. *Id.* If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination for that of the ALJ. *Id.* Additionally, the administrative law judge is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before this Court, substantial evidence supports the Commissioner's decision, this Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g).

### A. Definition of Disability

To qualify for disability benefits under the Social Security Act, a claimant must show, among other things, that he is "under a disability." 42 U.S.C. § 423(a)(1)(E). The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity

- 2 -

by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is "under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

### B. Five-Step Evaluation Process

The Social Security regulations set forth a five-step sequential process for evaluating disability claims. 20 C.F.R. § 404.1520; *see also Reddick*, 157 F.3d at 721 (describing the sequential process). A finding of "not disabled" at any step in the sequential process will end the ALJ's inquiry. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the ALJ at the final step. *Reddick*, 157 F.3d at 721.

The five steps are as follows:

1. First, the ALJ determines whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled.

2. If the claimant is not gainfully employed, the ALJ next determines whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Basic work activities means the "abilities and aptitudes to do most jobs." 20 C.F.R. § 404.1521(b). Further, the impairment must either be expected "to result in death" or "to last for a continuous period of twelve months." 20 C.F.R. § 404.1509 (incorporated by reference in 20 C.F.R. § 404.1520(a)(4)(ii)). The "step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

3. Having found a severe impairment, the ALJ next determines whether the impairment "meets or equals" one of the impairments specifically listed in the regulations.

1  20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is found disabled without considering the
2  claimant's age, education, and work experience. 20 C.F.R. at § 404.1520(d).

3      4. At step four, the ALJ determines whether, despite the impairments, the
4  claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). To make
5  this determination, the ALJ compares the "residual functional capacity assessment . . . with
6  the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. §
7  404.1520(f). If the claimant can still perform the kind of work the claimant previously did,
8  the claimant is not disabled. Otherwise, the ALJ proceeds to the final step.

9      5. At the final step, the ALJ determines whether the claimant "can make an
10 adjustment to other work" that exists in the national economy. 20 C.F.R. §
11 404.1520(a)(4)(v). In making this determination, the ALJ considers the claimant's residual
12 functional capacity, together with vocational factors (age, education, and work experience).
13 20 C.F.R. § 404.1520(g)(1). If the claimant can make an adjustment to other work, then he
14 is not disabled. If the claimant cannot perform other work, he will be found disabled. As
15 previously noted, the ALJ has the burden of proving the claimant can perform other
16 substantial gainful work that exists in the national economy. *Reddick,* 157 F.3d at 721.

17 **III. ANALYSIS**

18     **A. Whether the ALJ Erred by Rejecting the Opinions of Treating Physicians**

19 Plaintiff first argues that the ALJ erred in assigning only limited weight to the opinion
20 of Dr. Bajpai while assigning significant weight to the opinion of Dr. Ani. Plaintiff does not
21 appear to object to the assignment of probative weight to the opinion of Dr. Guice. All three
22 physicians treated Plaintiff.
23 
24 The ALJ must consider all medical evidence in the record. 20 C.F.R. § 404.1527(b).
25 "The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Such conflicts may arise
26 between a treating physician's medical opinion and other evidence in the claimant's record.
27 A treating physician's opinion is usually entitled to "substantial weight." *Bray v. Comm'r*,
28 

- 4 -

*Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A treating physician's opinion is given controlling weight when it is "well-supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2). On the other hand, if a treating physician's opinion "is not well-supported" or "is inconsistent with other substantial evidence in the record," then it should not be given controlling weight. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

Substantial evidence that contradicts a treating physician's opinion may consist of either (1) an examining physician's opinion or (2) a nonexamining physician's opinion combined with other evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). In the case of an examining physician, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not substantial evidence." *Orn*, 495 F.3d at 632 (citing *Murray v. Heckler*, 722 F.2d 499, 501-502 (9th Cir. 1984)). To constitute substantial evidence, the examining physician must provide "independent clinical findings that differ from the findings of the treating physician." *Id.* (citing *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985)). Independent clinical findings can be either "diagnoses that differ from those offered by another physician and that are supported by substantial evidence, . . . or findings based on objective medical tests that the treating physician has not herself considered." *Id.* (citing *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)).

"The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831. Such an opinion is only substantial evidence if supported by "substantial record evidence." *Id.*

If the ALJ determines that a treating physician's opinion is inconsistent with substantial evidence and is not to be given controlling weight, the opinion remains entitled to deference and should be weighed according to the factors provided in 20 C.F.R. §

404.1527(d). *Orn*, 495 F.3d at 631; SSR 96–2p at 4. These factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the opinion's consistency with the record as a whole; and (5) whether the physician is a specialist giving an opinion within his specialty. 20 C.F.R. § 404.1527(d).

If a treating physician's opinion is not sufficiently supported by medical evidence and other substantial evidence in the case, however, the ALJ need not give the opinion controlling weight. *Orn*, 495 F.3d at 631.

In this case, the record supports the ALJ's decision to give limited weight to the opinion of Dr. Bajpai while assigning significant weight to the opinion of Dr. Ani. The ALJ set out a detailed and thorough summary of the facts and conflicting clinical evidence by recounting Plaintiff's testimony and the medical reports of all three treating physicians. After discussing Dr. Bajpai's opinion, the ALJ stated that she found his opinion to be "not consistent with the medical evidence of record." (TR 32). The ALJ further stated, "Dr. Bajpai's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled and the doctor did not specifically address this weakness." (TR 32). The ALJ did not err in assigning limited weight to Dr. Bajpai's opinion after determining that his opinion was brief and conclusory with few clinical findings to support it. Accordingly, the reasons the ALJ gave for assigning limited weight to Dr. Bajpai's opinion were sufficient.

### B. Whether the ALJ Erred by Rejecting Plaintiff's Symptom Testimony in the Absence of Clear and Convincing Reasons

Plaintiff's second argument is that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective reports regarding her symptoms. Plaintiff objects to the ALJ's determination that her statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent that they were inconsistent with the residual functional capacity assessment. Specifically, Plaintiff argues that the ALJ erred in finding that the evidence regarding Plaintiff's role as caretaker of her son

1    contradicted Plaintiff's reported levels of pain. Plaintiff further argues that the ALJ
2    improperly found that Plaintiff's earnings history undermined her credibility. (Doc. 12).

3    "Once a claimant produces medical evidence of an underlying impairment which is
4    reasonably likely to be the cause of some pain, the ALJ 'may not discredit a claimant's
5    testimony of pain and deny disability benefits solely because the degree of pain alleged by
6    the claimant is not supported by objective medical evidence.'" *Orteza v. Shalala*, 50 F.3d
7    748, 749-750 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-347 (9th Cir.
8    1991) (en banc)). The ALJ must make specific findings based on the record for discounting
9    a claimant's subjective complaints. *See Savage v. Astrue*, No. CV-11-02103, 2013 WL
10   551461, at *7 n. 1 (D. Ariz. Feb. 13, 2013).

11   There is no question in this case that the ALJ found that there was medical evidence
12   of underlying impairments reasonably likely to cause pain. *See* TR 31 ("the claimant's
13   medically determinable impairments could reasonably be expected to cause the alleged
14   symptoms; however, the claimant's statements concerning the intensity, persistence and
15   limiting effects of these symptoms are not credible to the extent they are inconsistent with
16   the above residual functional capacity assessment").

17   The question then is whether the ALJ discredited Plaintiff's subjective reports of pain
18   solely because such pain was not supported by objective medical evidence. "Although an
19   ALJ 'cannot be required to believe every allegation of disabling pain,' the ALJ cannot reject
20   testimony of pain without making findings sufficiently specific to permit the reviewing court
21   to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza*, 50
22   F.3d at 750 (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The adjudicator
23   should consider numerous factors when making such credibility determinations, including
24   the nature, location, onset, duration, frequency, radiation, and intensity of any pain;
25   precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
26   type, dosage, effectiveness, and adverse side-effects of any pain medication; treatment, other
27   than medication, for relief of pain; functional restrictions; and the claimant's daily activities.
28   *Bunnell*, 947 F.2d at 346 (citing SSR 88-13, 1988 WL 236011, July 20, 1988).

"[I]f the claimant engages in numerous daily activities involving skills that could be transferred to the workplace, an adjudicator may discredit the claimant's allegations upon making specific findings relating to the claimant's daily activities." *Id.* (citing *Fair*, 885 F.2d at 603). "An adjudicator may also use 'ordinary techniques of credibility evaluation' to test a claimant's credibility." *Id.* (internal citation omitted). "So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence." *Id.*

In this case, the ALJ made specific findings to support her determination that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her condition were not fully credible and did not prevent her from performing her past relevant work, which would not exceed her residual functional capacity to perform light work at a maximum specific vocational preparation (SVP) rating of three. In making the credibility determination, the ALJ considered the factors required by SSR 88-13.

The ALJ compared the reports of Plaintiff's treating physicians with Plaintiff's own reports of her pain, and also examined Plaintiff's own reports for internal consistency. The ALJ concluded that Plaintiff's subjective reports of her pain were inconsistent with the fact that she "was able to care for her four year old son at home, which can be quite demanding both physically and emotionally, without any particular assistance on a regular basis." (TR 32). Plaintiff objects to this conclusion by pointing to her reports that her mother helped her with her son for a few months, that she would at times call her husband home from work to help with their son, and that she could not pick up her son once he weighed 10 pounds or play with him. (Doc. 12). These reports, however, do not overcome the fact that Plaintiff was regularly the only person at home to care for her son.

The ALJ also noted that Plaintiff worked from 1986 to 2002, but that, during only five of those years, did she work at substantial gainful activity. The ALJ found that the earnings record "raise[d] a question as to whether [Plaintiff's] continuing unemployment [was] actually due to medical impairments." Plaintiff objects to this conclusion on the basis that the

- 8 -

1  first year the ALJ considered was when Plaintiff was 16 years old and that the conclusion
2  drawn "is unfounded and shows bias against lower wage earners." (Doc. 12). Even if
3  Plaintiff's earnings history from the few years before she reached adulthood are disregarded,
4  Plaintiff worked at substantial gainful activity for five out of fourteen or fifteen years.  As
5  such, the ALJ's observation was not unfounded nor does it show bias against lower wage
6  earners.

      Based on the foregoing, the ALJ did not "discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant was not supported by objective medical evidence," but rather made "specific findings that are supported by the record."

### IV.   CONCLUSION

Accordingly, the ALJ did not err in finding that Plaintiff was not disabled within the meaning of the Social Security Act.

Based on the foregoing,

**IT IS ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly. The judgment shall serve as the mandate of this Court.

DATED this 29th day of July, 2013.

                                    James A. Teilborg
                               Senior United States District Judge